# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DORCAS AFFUL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. _____ |
| v. ) | |
| ) | |
| **STEVEN A. PRIDDLE, M.D.,** ) | |
| Serve personally: ) | |
| 1620 Charles Place ) | |
| Manhattan, Kansas 66502 ) | |
| ) | |
| **DIANE F. WENDELKEN, A.P.R.N.,** ) | |
| Serve personally: ) | |
| 1620 Charles Place ) | |
| Manhattan, Kansas 66502 ) | |
| ) | |
| **REBEKA WEBER, M.D.** and ) | |
| Serve personally: ) | |
| 1620 Charles Place ) | |
| Manhattan, Kansas 66502 ) | |
| ) | |
| **WOMEN'S HEALTH GROUP, P.A.,** ) | |
| 1620 Charles Place ) | |
| Manhattan, Kansas 66502 ) | |
| Serve Registered Agent: ) | |
| Michael L. Newcomer, M.D. ) | |
| 1620 Charles Place ) | |
| Manhattan, KS 66502 ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff, Dorcas Afful, by and through her attorneys, Shamberg, Johnson & Bergman, Chtd., and for her cause of action against the above-named defendants alleges and states as follows:

## PARTIES

1. Plaintiff Dorcas Afful is a citizen and resident of Prince George's County, Maryland.

2. Steven A. Priddle, M.D., (hereinafter referred to as "Dr. Priddle") is now and has at all relevant times been a physician specializing in obstetrics and gynecology, practicing in Riley County, Kansas, and is a citizen and resident of Riley County, Kansas.

3. Diane F. Wendelken, APRN, (hereinafter referred to as "Ms. Wendelken") is now and has at all relevant times been an advance practice registered nurse specializing in obstetrics and gynecology, practicing in Riley County, Kansas, and is a citizen and resident of Riley, County Kansas.

4. Rebeka Weber, M.D., (hereinafter referred to as "Dr. Weber") is now and has at all relevant times been a physician specializing in obstetrics and gynecology, practicing in Riley, County, Kansas, and is a citizen and resident of Riley County, Kansas.

5. Women's Health Group, P.A., (hereinafter referred to as "Women's Health Group") is a Kansas professional association with its principal place of business in Riley County, Kansas. Women's Health Group's registered agent is Michael L. Newcomer, M.D., 1620 Charles Place, Manhattan, KS 66502.

## JURISDICTION AND VENUE

6. The United States District Court for the District of Kansas has original jurisdiction in this action pursuant 28 U.S.C. § 1332, as this action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Defendant, Dr. Priddle, Ms. Wendelken and Dr. Weber are citizens of the State of Kansas, and Women's Health Group is a business registered in the State of Kansas, and plaintiff, Dorcas Afful, is a citizen of Maryland.

7. This Court has personal jurisdiction over defendant Women's Health Group because, among other reasons, Plaintiff's claims against Women's Health Group arose in the State of Kansas, defendant Women's Health Group is registered to do business in the state of Kansas; defendant Women's Health Group's principal place of business is located in the State of Kansas; defendant Women's Health Group's registered agent for service of process is located in the State of Kansas; and defendant Women's Health Group has substantial, systematic and continuous contact with the State of Kansas such that the exercise of personal jurisdiction over defendant is just and appropriate.

8. This Court has personal jurisdiction over defendant Dr. Priddle because he is a citizen of Kansas and committed tortious acts in Kansas.

9. This Court has personal jurisdiction over defendant Ms. Wendelken because she is a citizen of Kansas and committed tortious acts in Kansas.

10. This Court has personal jurisdiction over defendant Dr. Weber because she is a citizen of Kansas and committed tortious acts in Kansas.

11. Venue is proper in the United States District Court for the District Court of Kansas, Kansas City, Kansas, Division pursuant 28 U.S.C. § 1391(b)(2), as the tortious act occurred in Kansas.

**FACTUAL ALLEGATIONS**

12. On October 6, 2017, Dorcas Afful underwent a spontaneous vaginal delivery at Ascension Via Christi Hospital, giving birth to a 37 weeks 6 days baby boy, weighing seven pounds and one ounce.

13. After delivery, Dr. Priddle repaired what he described as a first degree perineal laceration. The repair consisted of one suture.

14. Dorcas Afful was discharged from the hospital on October 8, 2017.

15. Shortly after discharge, Dorcas Afful began having fecal incontinence.

16. On October 17, 2017, Dorcas Afful was seen by Ms. Wendelken, at Women's Health Group, concerning the perineal tear and associated fecal incontinence. Ms. Wendelken did not recognize or treat the tear and discharged Dorcas Afful home.

17. On October 17, 2017, Dr. Weber reviewed and approved Ms. Wendelken's October 17, 2017, patient encounter with Dorcas Afful.

18. On November 15, 2017, Dorcas Afful was seen by Ms. Wendelken at Women's Health Group with concerns for persistent fecal incontinence. Ms. Wendelken did not recognize or treat the tear and discharged Dorcas Afful home.

19. On November 15, 2017, Dr. Weber reviewed and approved Ms. Wendelken's November 15, 2017, patient encounter with Dorcas Afful.

20. On October 11, 2018, Dorcas Afful was seen by Dr. Weber at Women's Health Group, who diagnosed her with "full incontinence of feces" and recommended follow up with a colorectal surgeon for repair of a fourth degree perineal laceration. Dr. Weber also recommended having only caesarian sections for future pregnancies. Dorcas Afful will continue to suffer from fecal incontinence and dyspareunia requiring periodic surgical intervention.

## **AGENCY**

21. At all times material and relevant hereto, defendant Ms. Wendelken was an employee of defendant Women's Health Group, and the acts and omissions of defendant Ms. Wendelken described herein occurred during the course and within the scope of her employment with defendant Women's Health Group.

22.   Women's Health Group is vicariously liable for the negligent, careless and reckless acts and omissions of its employee, Ms. Wendelken.

## COUNT I--NEGLIGENCE

23.   Plaintiff incorporates by reference the allegations in paragraphs 1 through 22 of this Complaint as though fully set forth below.

24.   At all times relevant, physician-patient and nurse practitioner-patient relationships existed between Dr. Priddle, Dr. Weber, Ms. Wendelken and Dorcas Afful.

25.   Dr. Priddle, Dr. Weber and Ms. Wendelken had a duty to Dorcas Afful to act in accordance with the standard of care required by health care providers and advance registered nurse practitioners in their fields and specialties.

26.   Dr. Priddle breached his duties and was negligent by not providing adequate recognition, diagnosis, treatment and management of Dorcas Afful in the following ways:

   a. Failing to recognize and appreciate a fourth degree perineal laceration immediately following delivery; and

   b. Failing to repair a fourth degree perineal laceration immediately following delivery.

27.   Ms. Wendelken breached her duties and was negligent by not providing adequate recognition, diagnosis, treatment and management of Dorcas Afful in the following ways:

   a. Failing to recognize and appreciate the extent of Dorcas Afful's perineal laceration and the need for additional repair on October 17, 2017, and November 15, 2017; and

   b. Failing to refer Dorcas Afful in a timely manner for the repair of the perineal laceration.

28. Dr. Weber breached her duties and was negligent based on her review and approval of Ms. Wendelken's care of Dorcas Afful by not providing adequate recognition, diagnosis, treatment and management of Dorcas Afful in the following ways:

   a. Failing to recognize and appreciate the extent of Dorcas Afful's perineal laceration and the need for additional repair; and

   b. Failing to refer Dorcas Afful in a timely manner for repair of the perineal laceration.

29. As a direct and proximate cause of the negligence by Dr. Priddle, Ms. Wendelken, and Dr. Weber, Dorcas Afful suffered severe and permanent personal injuries and as a result has sustained and will continue in the future to sustain past and future economic and noneconomic damages, including but not limited to past and future: pain, suffering, mental anguish, disability, disfigurement, and loss of enjoyment of life; hospital, doctor, rehabilitation and related expenses; and loss of earnings and loss of earnings capacity.

30. Plaintiff and Edwin Afful are lawfully married.  Pursuant to K.S.A. § 23-2605, plaintiff brings an action for loss of consortium for the benefit of her husband, Edwin Afful, who is a citizen and resident of Maryland.

31. Plaintiff has been injured and damaged in a sum excess of seventy-five thousand dollars ($75,000) in compensatory damages.

32. Plaintiff's noneconomic damages in this common law medical negligence cause of action are not limited by K.S.A. Sec. 60-19a02, which the Supreme Court of Kansas has abrogated and ruled facially unconstitutional in *Hilburn v. Enerpipe, Ltd.*, 442 P.3d 509 (Kan. 2019).

**WHEREFORE**, plaintiff prays for judgment for compensatory damages against defendants in an amount in excess of $75,000, together with the costs of this action; interest; and

other such relief as plaintiff is entitled pursuant to Kansas law and that the Court may deem just and appropriate.

Respectfully Submitted,

**SHAMBERG, JOHNSON & BERGMAN, CHARTERED**

By  */s/ David R. Morantz*
David R. Morantz, KS #22431
2600 Grand Boulevard, Suite 550
Kansas City, MO  64108
(816) 474-0004 / 474-0003 Fax
dmorantz@sjblaw.com
**ATTORNEYS FOR PLAINTIFF**

## DEMAND FOR JURY TRIAL

COMES NOW Plaintiff hereby demands a trial by jury on all issues in the above-captioned case.

Respectfully submitted,

**SHAMBERG, JOHNSON & BERGMAN, CHARTERED**

By  */s/ David R. Morantz*
David R. Morantz, KS #22431
2600 Grand Boulevard, Suite 550
Kansas City, MO  64108
(816) 474-0004 / 474-0003 Fax
dmorantz@sjblaw.com
**ATTORNEYS FOR PLAINTIFF**